UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-vs-

MICHAEL T. CAMERON

                Defendants.

_____

DECISION and ORDER

18-CR-6058

      This case was referred by text order of the undersigned, entered April 18, 2018, to Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 20. On August 8, 2018, Defendant, proceeding *pro se*, filed the following dispositive motions: motion to dismiss for lack of personal and subject matter jurisdiction, ECF No. 42; motion to dismiss for failing to identify anyone who has committed a federal crime, ECF No. 43; motion to dismiss on speedy trial grounds, ECF No. 44; a motion for proof of all elements (directed at the sufficiency of the subject indictment), ECF No. 46; motion to dismiss because the member of the Marshal Service who signed the underlying federal complaint against him did not have the authority to do so, ECF No. 47; and motion to suppress statements made to the police after his arrest for failure to advise him of his *Miranda* warnings, ECF No. 48, for which an evidentiary hearing was held on October 17, 2018, ECF No. 59. Subsequently, Defendant filed two additional dispositive motions. On October 18, 2018, he filed a motion for summary judgment, ECF No. 60, and on February 19, 2019, he filed another motion to dismiss the subject indictment on speedy trial grounds,

ECF No. 78.

Defendant also filed a number of non-dispositive motions. On August 8, 2018, Defendant filed a motion to enter exhibits, ECF No. 45, and a motion for an evidentiary hearing, ECF No. 49 (which as Magistrate Judge Feldman observed was not actually an application for an evidentiary hearing, but rather a request for discovery, subpoenas for all witnesses, and an investigator). Additionally, on August 29, 2018, Defendant filed another non-dispositive application, a motion to move exhibits into evidence, ECF No. 55.

On March 5, 2019, Magistrate Judge Feldman filed a Decision and Order ("D&O") and a Report and Recommendation ("R&R"), ECF No. 81, addressing Defendant's applications. In his D&O, Magistrate Judge Feldman denied Defendant's motion to enter exhibits, ECF No. 45, and his motion to move exhibits into evidence, ECF No. 55, without prejudice to renew and should be deferred to the trial judge. Regarding Defendant's motion for an evidentiary hearing, ECF No. 49, Magistrate Judge Feldman denied his request for an investigator, deferred the question of subpoenas to the trial court, directed the government to disclose all evidence it intends to use against him not later than two weeks before trial or the pretrial conference, whichever is earlier, and noted "because it does not appear that any specific request is at issue, the application is therefore denied without prejudice to renew should a specific *Brady* request arise." D&O and R&R, ECF No. 81, p 17.

In his R&R, Magistrate Judge Feldman recommended that Defendant's motions to dismiss, ECF No. 42, No. 43, No. 44, No. 47, and No. 76 all be denied. He further recommended that Defendant's motion for proof of all elements, ECF No. 46 and his

motion for summary judgment, ECF No. 60, also be denied. Finally, Magistrate Judge Feldman recommended that the Defendant's motion to suppress statements, ECF No. 48, be denied, based upon his determination that the statement at issue, "I'm wanted and I'm on the run," made to Monroe County Sheriff's Deputy Nermin Hamzic was spontaneous.

After being granted a number of extension requests, Defendant timely filed his "Objections in Response to Magistrates Orders and Recommendation" on May 22, 2019. In this filing, however, Defendant exceeds the boundaries of his previous applications that were the subjects of Magistrate Judge Feldman's D&O and R&R, That is, Defendant goes beyond merely making additional arguments in support of the relief he sought and which Magistrate Judge Feldman had the opportunity to consider. He makes additional applications which were not before Magistrate Judge Feldman and challenges, among other things, the issuance of a writ of *Habeas Corpus Ad Prosequendum,* the constitutionality of the Sex Offender Registration and Notification Act, his lack of a preliminary hearing, and the fact that his then attorney, and not he, entered an initial not guilty plea. Such "objections" do not supplement Defendant's previous applications before Magistrate Judge Feldman. Accordingly, they could be summarily denied. Nonetheless, because of Defendant's *pro se* status, the Court has considered them *ab initio*, finds them to be without merit, and upon due consideration, denies them.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court must determine whether Magistrate Judge Feldman's D&O, as detailed above, was clearly erroneous or contrary to law. An order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Chen v. Bd. Of Immigration Appeals*, 435

F.3d 141, 145–46 (2d Cir. 2006) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (internal quotations omitted).

Upon consideration of Magistrate Judge Feldman's D&O and R&R, and after considering Defendant's objections, the Court finds that Magistrate Judge Feldman's D&O and R&R were neither clearly erroneous nor contrary to law. Accordingly, for the reasons set forth in Magistrate Judge Feldman's D&O and R&R, ECF No. 81, Defendant's motion to enter exhibits, ECF No. 45 and his motion to move exhibits into evidence, ECF No. 55, is deferred to this Court. Defendant's motion for an evidentiary hearing, ECF No. 49, is denied. As to his request for an investigator, it is deferred on the question of subpoenas and is granted as to discovery and, in that regard, the government must disclose all evidence it intends to use against Defendant not later than two weeks before trial or the pretrial conference, whichever is earlier; and is denied without prejudice to renew as to any *Brady*.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of Magistrate Judge Feldman's R&R to which objections have been made. Upon a *de novo* review of the R&R, including a review the transcript of the evidentiary hearing held on October 17, 2018, ECF No. 59, and after consideration of Defendant's objections, the Court accepts Magistrate Judge Feldman's proposed findings and recommendations.

Accordingly, for the reasons set forth in Magistrate Judge Feldman's R&R, ECF No. 81, Defendant's motions to dismiss, ECF No. 42, No. 43, No. 44, No. 47, and No. 76 are denied. Defendant's motion for proof of all elements, ECF No. 46 and his motion for summary judgment, ECF No. 60 are denied. Finally, Defendant's motion to suppress ECF No. 48, the statement "I'm wanted and I'm on the run," is denied.

IT IS SO ORDERED.

Dated: June 21, 2019
       Rochester, New York

ENTER:

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge\